United States District Court
District of Massachusetts

Ellie Cyprian                          )
                                       )
            Plaintiff,                 )
                                       )
      v.                               )      Civil Action No.
                                       )      22-11801-NMG
Deutsche Bank National Trust Company)
as Trustee of the Home Equity          )
Mortgage Loan Asset-Backed Trust       )
Series in ABS 2006-E                   )
                                       )
            Defendant.                 )
                                       )
                                       )

MEMORANDUM & ORDER

GORTON, J.

The suit arises out of the efforts of plaintiff, Ellie Cyprian ("Cyprian" or "plaintiff") to forestall the foreclosure sale of her residence. With plaintiff's loan now modified and no foreclosure proceeding imminent, defendant, Deutsche Bank National Trust Company ("Deutsche Bank" or "defendant") moves for summary judgment (Docket No. 33). Plaintiff has not filed an opposition. For the reasons that follow, the motion will be allowed.

I.   **Background**

The following facts are adduced primarily from defendant's statement of material facts. Plaintiff is in the midst of or has recently completed divorce proceedings with Frederick M.

Cyprian ("Mr. Cyprian"), a non-party to the present action. Together, they own 923 Main Street in Woburn, Massachusetts as a joint marital asset ("the Property").  In 2006, the Cyprians borrowed $288,000 from IndyMac Bank, F.S.B. to finance purchase of the Property and executed a mortgage in favor of Mortgage Electronic Systems, Inc. ("MERS").  In July, 2009, MERS assigned the mortgage to defendant.

The Cyprians failed to make several of their monthly payments and, in February, 2017, received notice of their 90-day right to cure mortgage default.  While the Cyprians initially cured that default, they later became delinquent and failed to make any payments after April, 2019.

In September, 2022, plaintiff filed a two-count complaint in Middlesex Superior Court seeking to forestall the foreclosure sale.  Plaintiff claimed that defendant: (1) failed to make a good faith effort to negotiate in violation of M.G.L. c. 244 § 35A(c) and (2) engaged in unfair and deceptive acts and practices in violation of M.G.L. c. 93A §§ 2(a) and 9.  The complaint sought both injunctive and monetary relief.  In October, 2022, Deutsche Bank removed the case to this Court on diversity grounds.

In the meantime, the Cyprians entered into divorce proceedings wherein the Massachusetts Probate & Family Court appointed a special master "for the purpose of selling and

conveying" the Property.  In response to a joint motion of the parties, this Court stayed the action pending special master resolution.  A further stay was granted in January, 2023, after the special master brought contempt proceedings against Mr. Cyprian for obstructing his effort to access and appraise the property.

At the expiration of the second stay in May, 2023, defendant answered the complaint and propounded discovery.  With discovery ongoing, in August, 2023, plaintiff and Mr. Cyprian were approved for a "trial loan modification" and made all required trial payments thereafter.

Plaintiff did not respond to defendant's written discovery nor propound discovery of her own.  In February, 2024, plaintiff's counsel withdrew because she was unable to reach her client.  Defendant then contacted plaintiff, pro se, on several occasions in an attempt to resolve the matter.  Defendant received no reply and now moves for summary judgment, asserting both mootness and failure to prosecute.

## II.  **Motion for Summary Judgment**

### A. Legal Standard

The role of summary judgment is "to pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial." Mesnick v. Gen. Elec. Co., 950 F.2d 816, 822 (1st Cir. 1991) (quoting Garside v. Osco Drug, Inc.,

895 F.2d 46, 50 (1st Cir. 1990)).  The burden is on the moving party to show, through the pleadings, discovery and affidavits, "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

A fact is material if it "might affect the outcome of the suit under the governing law[.]" Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  A genuine issue of material fact exists where the evidence with respect to the material fact in dispute "is such that a reasonable jury could return a verdict for the nonmoving party." Id.

If the moving party satisfies its burden, the burden shifts to the nonmoving party to set forth specific facts showing that there is a genuine, triable issue. Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986).  The Court must view the entire record in the light most favorable to the non-moving party and make all reasonable inferences in that party's favor. O'Connor v. Steeves, 994 F.2d 905, 907 (1st Cir. 1993).  Summary judgment is appropriate if, after viewing the record in the non-moving party's favor, the Court determines that no genuine issue of material fact exists and that the moving party is entitled to judgment as a matter of law. Celotex Corp., 477 U.S. at 322-23.

**B. Analysis**

Defendant moves for summary judgment asserting that 1) the loan modification removes the threat of foreclosure making the matter moot and 2) plaintiff has failed to prosecute the case.

The Court is obliged, under Article III, to resolve only live controversies. See Mangual v. Rotger-Sabat, 317 F.3d 45, 60 (1st Cir. 2003). The First Circuit Court of Appeals has found cases to be moot:

> 1) when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome;
>
> 2) when the court cannot give any effectual relief to the potentially prevailing party; and
>
> 3) if events have transpired to render a court opinion merely advisory.

KG Urban Enters., LLC v. Patrick, 969 F.Supp.2d 52, 56 (D. Mass. 2013) (citing Am. Civil Liberties Union of Massachusetts v. U.S. Conference of Catholic Bishops, 705 F.3d 44, 52 (1st Cir. 2013)).

Here, the complaint seeks injunctive relief to prevent foreclosure proceedings as well as "damages resulting from the Defendant's misconduct." With respect to injunctive relief, it is pellucid that no live controversy survives. The undisputed evidence indicates that plaintiff is up to date on all payments following the loan modification that was approved in August,

2023.  Accordingly, the threat of imminent foreclosure that precipitated the suit has expired and injunctive relief is no longer apt.

With respect to damages the loan modification does not, however, render the action moot because plaintiff seeks compensation for alleged past harms.  The loan modification has no bearing on plaintiff's allegation that defendant initially failed to engage in good faith negotiations to find alternatives to foreclosure.

Nonetheless, plaintiff's recent conduct compels the conclusion that the remainder of the case (i.e. the claim for damages) should be dismissed for want of prosecution.  Plaintiff has failed 1) to respond to discovery requests 2) to propound discovery of her own 3) to maintain any contact with her attorney or 4) to respond timely to defendant's motion for summary judgment.  Furthermore, the clear thrust of the complaint was to obtain the now-moot injunctive relief. Accordingly, defendant's motion for summary judgment will be allowed.

**ORDER**

For the foregoing reasons, the motion of defendant, Deutsche Bank National Trust Company as Trustee of the Home Equity Mortgage Loan Asset-Backed Trust Series in ABS 2006-E, for summary judgment (Docket No. 33) is, as to all claims, **ALLOWED.**

**So ordered.**

  /s/ Nathaniel M. Gorton  
Nathaniel M. Gorton  
United States District Judge

Dated:  May 7, 2024